### 28794. RUSSELL *v.* THE STATE.

DECIDED FEBRUARY 12, 1941.

*Ed Wohlwender Jr.,* for plaintiff in error.

*J. R. Thompson Jr., solicitor, Lennie F. Davis,* contra.

GARDNER. J. The defendant was convicted on an accusation containing two counts. In the first count he was accused generally of the illegal operation of a lottery, and in the second count he was specifically charged with the illegal selling to B. L. Kidd of four baseball lottery tickets. He moved for a new trial which the court denied and he excepted.

The defendant does not insist on the general grounds of his motion, but only on the one ground set forth in his amendment. The body of the amendment is as follows: "The court erred in failing to present to the jury the material controlling issue . . and withdrew from the consideration of the jury defendant's plea of not guilty. In failing to mention the defendant's having entered a plea of not guilty making an issue for the jury to determine and in charging the State's contentions without charging the defendant's contentions and without making any statement whatsoever in connection with the contentions of the defendant. Said issue being pertinent and applicable to the facts and pleadings submitted. . . The court should have submitted for the consideration of the jury the defendant's plea of not guilty, thereby making an issue for the jury to determine, and his failure to mention contentions of the defendant and his plea of not guilty was tantamount to the

withdrawing of defendant's plea of not guilty. . . The court erred in failing to mention anywhere in his charge any of the contentions of defendant presented by his plea and evidence, . . and submitting for the consideration of the jury only the State's contentions therein involved, thus withdrawing from the consideration of the jury defendant's plea of not guilty. . . The omission of the court to charge aforesaid was injurious and harmful to defendant in that he had entered his plea of not guilty which was shown by the record in said case, which put in issue for consideration of the jury each and every allegation contained in the accusation and also in defendant's statement, and these issues being the controlling issues involved in this case, the omission of the court in its charge to fail to instruct that the defendant entered a plea of not guilty, which put in issue each and every allegation contained in the accusation, was tantamount to the withdrawal from the consideration of the jury of defendant's plea and thus depriving defendant of a trial, all to the harm of this defendant."

The issues raised by the sole special assignment of error are, as indicated in the foregoing headnotes, without merit, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*